UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-57293-LRC |
| | ) | |
| @AUDIO, AUTOMATION & THEATER | ) | |
| (GA), INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee for | ) | |
| the Estate @Audio, Automation & Theater (GA), | ) | |
| Inc., | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| @AUDIO, AUTOMATION & THEATER | ) | |
| (GA), INC., FULTON COUNTY TAX | ) | |
| COMMISSIONER, and CITY OF ATLANTA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION (I) FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE
FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS AT PUBLIC AUCTION
AND (II) TO ALLOW AND AUTHORIZE CERTAIN DISBURSEMENTS**

COMES NOW S. Gregory Hays, the Chapter 7 Trustee ("**Trustee**") for the bankruptcy

estate of @Audio, Automation & Theater (GA), Inc. (the "**Estate**") and pursuant to 11 U.S.C. §§

363(b), (f), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, by and through his

undersigned counsel, and files this *Motion (I) for Authority to Sell Property of the Estate Free

and Clear of Liens, Claims, and Interests at Public Auction and (II) to Allow and Authorize

Certain Disbursements* ("**Sale Motion**"), other than in the ordinary course of business and shows

the Court as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334. Venue in this jurisdiction is proper under 28 U.S.C. §§ 1408 and 1409.  This Sale Motion presents a core proceeding under 28 U.S.C. § 157(b).

**Background**

2.      @Audio, Automation & Theater (GA), Inc. ("**Debtor**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on April 30, 2018 (the "**Petition Date**"), initiating Chapter 7 Case No. 18-50585-JRS  (the "**Case**").

3.      Shortly thereafter, Trustee was appointed to the Case as interim Chapter 7 trustee, under 11 U.S.C. § 701(a)(1).

4.      On May 7, 2018, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 8].[1]

5.      On its *Schedule A/B: Property*, Debtor scheduled its sole ownership interests in a Ford E250 Van (the "**Van**") along with numerous items of tangible personal property (all Debtor's tangible personal property is hereafter referenced as the "**Tangible Personal Property**"). [Doc. No. 1 at pages 7-31 of 63].  Debtor valued the Van with a value of $8,900.00. *Id.* at page 9 of 63.  Debtor valued its Tangible Personal Property with a value of approximately $160,000.00.  *See id.* at page 12 of 63.

**Secured Claims on or Against Van and Tangible Personal Property**

6.      On its *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled no creditors with secured claims on or against the Van or Tangible Personal Property. [Doc. No. 1 at page 35 of 63].

7.      Upon a review of Georgia's public records, Trustee has found several tax fieri

---

[1]      Upon information and belief, this application remains pending due to time limitations set forth in Rule 6003 of the Federal Rules of Bankruptcy Procedure.

facias (the "**Fi Fas**") of Fulton County, State of Georgia, and the City of Atlanta.  Although the Fi Fas appear to result in liens against Debtor's personal property interests, given their age and Debtor's failure to schedule them, it is unclear whether they remain as an encumbrance against the Tangible Personal Property.  The face amount of these Fi Fas is no more than $15,000.00.

**Request for Authority to Sell Property of the Estate
Free and Clear of All Liens, Claims, and Interests**

8.      On May 11, 2018, Trustee filed his *Application to Employ Auctioneer* [Doc. No. 10], and the Court entered an *Order* [Doc. No. 11], authorizing the employment of Scott Schwartz and Bullseye Auction and Appraisal, LLC ("**Bullseye**") as Trustee's Auctioneer.

9.      Mr. Schwartz estimates that an auction of the Van and Tangible Personal Property will allow Trustee to make a meaningful, if not substantial, distribution to holders of timely filed, general unsecured claims against the Estate.

10.      Trustee requests authority to sell the Van and Tangible Personal Property by public auction through Bullseye, "as is, where is, with all faults" free and clear of all liens, claims, and interests, with any valid and enforceable liens(s) attaching to the proceeds of sale, pursuant to 11 U.S.C. §§ 363(b) and (f).

11.      The proposed auctions will take place at 500 Pike Park Drive, Suite F, Lawrenceville, Georgia 30046.  The dates and times will be determined at a later date, but Trustee estimates that the auctions will be within thirty (30) days of entry of an order approving the proposed sales.

12.      Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1) (2017).  In addition, Section 105 of the Bankruptcy Code grants this Court the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (2017).

12261914v1

13.    Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under 11 U.S.C. § 363(b) free and clear of any interest in such property if, among other things, the price at which the property is to be sold is greater than the aggregate of the liens on such property. 11 U.S.C. § 363(f) (2017). Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2)    such entity consents;
> (3)    *such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property*;
> (4)    such interest is in bona fide dispute; or
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.* (emphasis added).

14.    The standard to grant the sale of assets outside of the ordinary course of business is the sound business judgment of the trustee. *In re Chateaugay*, 973 F.2d 141 (2d Cir. 1992); *Stephens Indus. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Abbotts Dairies of Penn., Inc., et al.*, 788 F.2d 143 (3d Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). The showing in this regard need not be exhaustive. Rather, a trustee is "simply required to justify the proposed disposition with *sound business reason*s . . . ." *In re Baldwin United Corp., et al.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984) (emphasis added).

15.    Applying the above rules of law to the instant facts, Trustee can, under 11 U.S.C. § 363(b) and (f), sell the Van and Tangible Personal Property free and clear of all liens, claims, interests, and encumbrances with any lien (to the extent valid, perfected, enforceable, and

unavoidable)[2] attaching to the proceeds of the sales with the same priority and extent as they had in the Van and Tangible Personal Property because the proposed sales will fetch sale proceeds far in excess of any liens or claims against these items.  Stated another way, with regard to Trustee's business judgment, the proposed sales fall well within the zone of reasonableness.

16.    Trustee further requests authority to pay to Bullseye ten (10%) percent commission following the closing of a sale of Van and ten (10%) percent commission and ten (10%) percent buyer's premium following the closing of the sale of the Tangible Personal Property, as set forth in the application to employ Bullseye.  Trustee also requests authority to reimburse Bullseye for the costs of storing the Van and Tangible Personal Property pending their sale and any other miscellaneous costs associated with the same, in a total amount not to exceed $1,000.00.

WHEREFORE, Trustee respectfully requests that this Court:

a)    Approve Trustee's proposed sale of the Van and Tangible Personal Property, following Notice to all creditors and parties in interest of the Sale Motion, the date of the Hearing, and the deadline for any objection;

b)    Provide that Fed.R.Bankr.P.6004(h) shall not apply and that any Order entered shall be effective immediately so that the Trustee may proceed instanter with the proposed sale;

c)    Authorize Trustee to pay a ten (10%) commission to Bullseye following a closing of a sale of the Van;

d)    Authorize Trustee to pay a ten (10%) commission and ten (10%) percent buyer's premium to Bullseye following a closing of a sale of the Tangible Personal Property;

---

[2]    The only liens of which Trustee is aware arise out of the tax Fi Fas.

e)    Authorize Trustee to reimburse Bullseye for the costs of storing the Van and Tangible Personal Property pending their sale and any other costs associated with the proposed sales, in a total amount not to exceed $1,000.00; and

f)    Grant such other and further relief as is just and proper.

Respectfully submitted this 17th day of May, 2018.

ARNALL GOLDEN GREGORY, LLP

By:/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street NW, Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500 / Fax: (404) 873-8501

12261914v1

## CERTIFICATE SERVICE

This is to certify that I have mailed a copy of the Trustee's *Motion (I) for Authority to Sell Property of the Estate Free and Clear of Liens, Claims, and Interests at Public Auction and (II) to Allow and Authorize Certain Disbursements* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Arthur E. Ferdinand
Fulton County Tax Commissioner
141 Pryor Street
Atlanta, GA 30303

Georgia Department of Revenue
Bankruptcy Section
Post Office Box 161108
Atlanta, Georgia  30321

Georgia Department of Revenue
Taxpayer Services
Post Office Box 1054990
Atlanta, Georgia  30348

Georgia Department of Revenue
Sales and Use Tax
Post Office Box 105296
Atlanta, Georgia 30348

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

@Audio, Automation & Theater (GA), Inc.
4814 Ridgemoor Circle
Palm Harbor, FL 34685

Scott Schwartz
Bullseye Auction & Appraisal, LLC
500 Pike Park Drive, Suite F
Lawrenceville, GA 30046

This 17th day of May, 2018.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

12261914v1